PEOPLE, PLAINTIFF AND APPELLEE, *v.* PUJOLS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Incendiarism.

No. 767.—Decided May 26, 1916.

ALLEGATIONS—PROOF.—Allegations of fact by the parties are not proof of the same upon which a decision may be based.

INCENDIARISM—CIRCUMSTANTIAL EVIDENCE.—The fact that a person charged with the crime of incendiarism insured his store for a larger sum than the value

of his stock and endeavored to collect nearly seven thousand dollars as a consequence of the fire when the value of the goods burned was only about two thousand dollars is a grave indication of guilt which becomes the more pronounced when it is considered that on the day before the fire he removed a cartload of goods from the store; that open cans of gasoline were found close to a pile of rice; that he was seen to leave the store about the time the fire started, and that he obstructed efforts to save the store by stating that it contained inflammable material.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE—DILIGENCE.— A motion for a new trial on the ground of newly discovered evidence is properly overruled when all of that evidence is cumulative and was not discovered after the trial. It must be shown that with reasonable diligence it could not have been discovered before the trial.

The facts are stated in the opinion.

*Mr. José de Diego* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On November 12, 1912, Juan Pujols was charged in the District Court of Guayama with the crime of arson in that on the night of September 4, 1912, he set fire to the house of Francisco Roger in which the defendant had a mercantile establishment in the town of Aibonito of the Judicial District of Guayama. The day before the information was filed Pujols moved the said court to dismiss the action on the ground that more than sixty days had elapsed since his arrest without any information having been filed against him, and that he had not been taken before any judge for the purpose of investigating whether there was probable cause for his arrest. Although the ruling on this motion is not included in the transcript of the record, we must presume that it was against the defendant inasmuch as the case was prosecuted to judgment, but as it was not verified and it is not shown that any evidence was introduced, it is not necessary to consider whether the lower court committed error in overruling the same, as is claimed by Pujols in his appeal; for allegations of fact by the parties are not of themselves alone sufficient to prove the same as a basis for our decision.

The same is true of the defendant's demurrer to the information on the ground that the District Court of Guayama

had no jurisdiction of the case because an application for a writ of habeas corpus was pending in the District Court of Ponce and because he had not been taken before a judge for the purpose of investigating whether there was probable cause for his imprisonment; for although it is stated that an affidavit was filed in support of certain grounds of the demurrer, we fail to find it in the transcript of the record or even anything to show that it was filed.

However, it is observed from the brief of appellant Pujols that he gives scant attention to those questions, for the real ground of his appeal is the insufficiency of the evidence to support the verdict of guilty found by the jury and the consequent judgment rendered by the court. Prior to the rendition of the judgment Pujols moved the court to grant him a new trial on the ground that the verdict was contrary to the evidence, and from both the order overruling his motion and the judgment he took this appeal, in which he treats the questions of the insufficiency of the evidence conjointly.

The appellant contends that the evidence is insufficient because, being circumstantial, it is not sufficient to warrant the conviction of the appellant.

In support of his information the *fiscal* introduced witnesses whose testimony showed the following facts: That on September 4, 1912, at about 9 p. m., the mercantile establishment of the appellant and the house of Francisco Roger, in which the same was located, were destroyed by fire; that the store was closed about 6 p. m.; that the appellant had started the business a few months before and had insured his stock in the month of May for the sum of $8,000; that when in July or August his stock was assessed for taxation he told the assessor that there were goods to the value of $10,000, but the assessor concluded that he had only $5,000' worth and so informed Pujols, assessing the stock at that amount; that on that occasion he also told the assessor that he did

not keep books because he had been in business only a short time; that on the day before the fire he sent a cart-load of goods to a store in La Plata; that several witnesses testified that at the time of the fire the goods in the store were worth only about $2,000; that the books of the appellant were destroyed by fire, but not the fire-insurance policy which he kept away from the store; that a few days after the fire he sent a communication to the insurance company claiming that goods worth $6,898.72 had been destroyed; that the defendant was seen to leave the store at the moment the fire started; that close to a pile of rice two cans of kerosene were found with holes in them for the escape of the liquid; that the appellant warned those who were trying to extinguish the fire not to go too near as there were gasolene and alcohol in the store; that he made no effort to extinguish the fire, but, on the contrary, left the place; that when the doors were burning bundles of zinc sheets fell around them, which, according to the testimony of an employee, were placed against the wall between the doors; that some days before the fire he tried to sell several cases of cans of gasolene, saying that he did so because otherwise he would not be paid the insurance money in case of fire.

Such, briefly, is the evidence upon which the jury found a verdict of guilty although the defendant also introduced evidence to show that his stock was worth from $6,000 to $7,000 at the time of the fire, and the appellant maintains that this evidence was insufficient to support a conviction.

The appellant admits that the court's instructions to the jury regarding circumstantial or presumptive evidence were correct, and after an examination of all the evidence we arrive at the conclusion that we have no ground for holding that it did not support the verdict of the jury.

We need not consider separately the different circumstances which prove the guilt of the appellant, for they are

so numerous and some of them are so strong that they are sufficient to support the verdict against him. For instance, the fact that he insured his store for a much larger sum than the value of his stock and endeavored to collect nearly $7,000 for losses caused by the fire when the value of the goods destroyed amounted to about $2,000 only, is a grave indication that he caused the fire in order to pocket the difference; and this circumstance becomes the more pronounced when we consider that on the day before the fire he removed a cartload of goods, that open cans of gasolene were found close to a pile of rice, that he was seen to leave the store about the time the fire started, and that he obstructed efforts to save the store by stating that it contained inflammable material.

The motion for a new trial on the ground of newly discovered evidence was properly overruled because all of that evidence was cumulative and the greater part of it was not discovered after the trial, for the testimony of the appellant shows that he had knowledge of much of it before the trial. Besides, it has not been shown that with reasonable diligence it could not have been discovered before the trial. *The People* v. *Goitía,* 5 P. R. R. 117; *The People* v. *Díaz, alias Martillo,* 5 P. R. R. 197; *The People* v. *Milán,* 7 P. R. R. 442; *The People* v. *Rosado,* 16 P. R. R. 412; *The People* v. *Español,* 16 P. R. R. 203; *Delannoy* v. *Blondet,* 22 P. R. R. 219.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.